Reginald M. BRYANT, Plaintiff—
Appellee,

v.

Larry SMALL; S. Garcia; F. Dymond;
M.P. Duran; F.K. Corona; R. Mad-
den; M.D. Caripo; E. Boren; A.J. Sei-
del, Defendants—Appellants.

No. 01–57087.

D.C. No. CV–99–02205–NAJ/NLS.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Oct. 16, 2002.

Before GOODWIN, RYMER, and
MCKEOWN, Circuit Judges.

MEMORANDUM**

Small and various state officers appeal
the denial of their motion for summary
judgment based on qualified immunity.
We reverse.

Bryant filed suit under 42 U.S.C.1983,
alleging (1) deliberate indifference to
health and safety in violation of the Eighth
Amendment and (2) reckless conduct in
violation of the Sixth, Eighth, and Four-
teenth Amendments, constituting a viola-
tion of due process. Bryant's second claim
is subsumed under his first; when a plain-
tiff asserts his rights pursuant to a specific
constitutional provision, substantive due
process claims are deemed redundant.
*Armendariz v. Penman*, 75 F.3d 1311,
1319 (9th Cir.1996) (en banc).

Under qualified immunity analysis, we
must first determine whether the state
officers violated one of Bryant's constitu-
tional rights. We then determine whether
the constitutional right was clearly estab-
lished and whether a reasonable officer
would have understood that he was violat-
ing that right. *Saucier v. Katz*, 533 U.S.
194, 200–01, 121 S.Ct. 2151, 150 L.Ed.2d
272 (2001). A determination that the offi-
cers violated Bryant's constitutional right
involves two separate inquiries: first,
whether he had a constitutional right, and
second, whether the officers' conduct dem-
onstrated deliberate indifference to that
right. *Hope v. Pelzer*, —— U.S. ——, 122
S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002).

Under the circumstances of this case,
including the history of events at the pris-
on, Small's use of alternatives, and the
voluntary nature of the release, the offi-
cers' conduct in this case does not rise to
the level of a constitutional violation. We
recognize that the Supreme Court has de-
lineated the "Eighth Amendment protec-
tions afforded inmates during violent pris-
on disturbances." *Jeffers v. Gomez*, 267
F.3d 895, 910 (9th Cir.2001). The officers
were not, however, deliberately indifferent
to those protections. Their conduct is not
comparable to the "gladiator-like scenario"
in *Robinson v. Prunty*, in which correc-
tional officers watched one attack without
stopping it and had foreknowledge of an-
other attack. *Robinson v. Prunty*, 249
F.3d 862 (9th Cir.2001). Nor can we con-
clude that Bryant's purported statement to
one of the officers changes the calculus of

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

our analysis. Based on the first prong of *Saucier,* the officers were entitled to summary judgment based on qualified immunity.

**REVERSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

